IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMICUS THERAPEUTICS US, LLC AND AMICUS THERAPEUTICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC.; and TEVA PHARMACEUTICALS, INC, <br><br> Defendants. | C.A. No. 22-1461-CJB <br> **ANDA CASE** <br><br> Consolidated |

## STIPULATION AND [PROPOSED] ORDER
## TO AMEND SCHEDULING ORDER

WHEREAS the parties, Amicus Therapeutics US, LLC and Amicus Therapeutics, Inc. (collectively, "Amicus") and Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc. (collectively, "Aurobindo"), have conferred and agreed on reasonable changes to the Scheduling Order (D.I. 183) to allow discovery and trial to proceed as efficiently as possible and to narrow the disputed issues in the case;

WHEREAS the parties have jointly moved to consolidate Civil Action No. 24-01331 into the main action (Civil Action No. 22-01461);

WHEREAS Amicus has asserted infringement of Claims 8 and 36 of U.S Patent No. 11,633,388 (the "'388 Patent"), Claims 17 and 23 of U.S. Patent No. 12,042,489 (the "'489 Patent"), Claim 9 of U.S. Patent No. 12,042,490 (the "'490 Patent"), Claims 59, 73, 86, and 89 of U.S. Patent No. 12,109,205 (the "'205 Patent"), and Claims 23, 24, 25, 26 and 27 of U.S. Patent No. 11,833,164 (the "'164 Patent");

WHEREAS Amicus agrees to dismiss without prejudice its claims of infringement with respect to the '205 Patent;

WHEREAS Aurobindo agrees to dismiss without prejudice its claims of invalidity with respect to the '205 Patent;

WHEREAS Plaintiffs agree to execute a covenant not to sue Aurobindo for infringement of the '205 Patent as to the Aurobindo ANDA product at issue in this Action;

WHEREAS Aurobindo stipulates to infringement of Claims 8 and 36 of the '388 Patent, Claims 17 and 23 of the '489 Patent, Claim 9 of the '490 Patent, and Claims 23, 24, 25, 26 and 27 of the '164 Patent (collectively, the "Asserted Claims");

WHEREAS the parties have jointly filed herewith a proposed Stipulation and Order to Narrow the Remaining Issues between the Amicus Plaintiffs and Aurobindo Defendants ("Stipulation and Order") with respect to the Asserted Claims;

WHEREAS upon entry of the Stipulation and Order with respect the Asserted Claims, the parties will jointly file a stipulation of dismissal with respect to Amicus's claims of infringement with respect to the '205 Patent and Aurobindo's claims of invalidity with respect to the '205 Patent;

WHEREAS the parties agree that, after entry of the proposed Stipulation and Order with respect to the Asserted Claims and after entry of the stipulation of dismissal with respect to the '205 Patent, the scope of the case will be limited to the issue of whether or not the Asserted Claims are valid;

WHEREAS the parties have agreed to amend the schedule in light of this narrowed scope of the case;

WHEREAS counsel for each party certifies that they sent a copy of this request to their respective clients in compliance with Local Rule 16.4.

IT IS HEREBY STIPULATED AND AGREED by the parties, subject to the approval of the Court, that:

1. Amicus's complaint filed in Civil Action No. 24-01331 is consolidated into the main action (Civil Action No. 22-01461);

2. Aurobindo stipulates to infringement of the Asserted Claims as set forth in the Stipulation and Order with respect the Asserted Claims;

3. Amicus agrees to dismiss without prejudice its claims of infringement with respect to the '205 Patent and Aurobindo agrees to dismiss without prejudice its claims of invalidity with respect to the '205 Patent;

4. Amicus shall execute a covenant not to sue Aurobindo for infringement of the '205 Patent as to the Aurobindo ANDA product at issue in this Action;

5. Upon entry of the Stipulation and Order with respect the Asserted Claims, the parties will jointly file a stipulation of dismissal with respect to Amicus's claims of infringement with respect to the '205 Patent and Aurobindo's claims of invalidity with respect to the '205 Patent;

6. The Scheduling Order is amended as follows:

| Event | Current Deadline | Parties' Proposed Deadline |
|---|---|---|
| Defendants serve final election of asserted prior art for '489, '490, and '164 patents[1] | November 22, 2024 | January 9, 2025 for the '489, '490, and '164 patents |
| Completion of fact discovery (no new document requests or interrogatories to be served) | December 6, 2024 | February 13, 2025 |
| Final deadline to supplement invalidity contentions | December 20, 2024 | February 27, 2025 |

---

[1] For the '164 Patent for which Aurobindo has not disclosed prior art references, Aurobindo will choose no more than six asserted prior art references that are selected from the set of Final Asserted Prior Art references disclosed for the '388, '489, and '490 Patents.

| Event | Current Deadline | Parties' Proposed Deadline |
|---|---|---|
| Opening expert reports due | January 31, 2025 | March 27, 2025 |
| Rebuttal expert reports due | February 28, 2025 | April 24, 2025 |
| Reply expert reports due | March 28, 2025 | May 15, 2025 |
| Close of expert discovery | April 25, 2025 | June 5, 2025 |
| Deadline to file motion for summary judgment on section 101 arguments[2] | None | June 12, 2025 |
| Response to motion for summary judgment | None | July 3, 2025 |
| Reply in support of summary judgment | None | July 10, 2025 |
| Deadline to file Daubert motions | [No deadline] | [No deadline] |
| Plaintiffs provide draft Joint Proposed Pretrial Order (JPPO) | May 8, 2025 | July 16, 2025 |
| Defendants provide response draft JPPO | June 5, 2025 | August 1, 2025 |
| Parties submit JPPO | July 3, 2025 | August 15, 2025 |
| Pretrial Conference | July 25, 2025 at 11am | September __, 2025 |
| 5-day Trial begins | August 4, 2025 | September __, 2025 |

---

[2] The parties disagree as to whether the Asserted Claims are invalid under 35 U.S.C. § 101 but agree that "patent eligibility under 35 U.S.C. § 101 is ultimately an issue of law" that may be amenable to resolution at summary judgment. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018). With respect to the case schedule, Aurobindo respectfully requests the opportunity to submit a summary judgment motion for patent invalidity under 35 U.S.C. § 101 after expert discovery, and Amicus does not oppose the opportunity for such a filing in the case schedule but intends to oppose any such motion by Aurobindo on its merits.

Dated: January 7, 2025

| | |
|---|---|
| **BARNES & THORNBURG LLP** | **KRATZ & BARRY LLP** |
| */s/ Chad S.C. Stover* | */s/ R. Touhey Myer* |
| Chad S.C. Stover (No. 4919) | R. Touhey Myer (No. 5939) |
| 222 Delaware Avenue, Suite 1200 | 800 N. West Street |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| Tel: (302) 300-3474 | (302) 544-9100 |
| Email: Chad.Stover@btlaw.com | tmyer@kratzandbarry.com |
| *Attorney for Plaintiffs Amicus Therapeutics US, LLC and Amicus Therapeutics, Inc.* | *Attorney for Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc.* |

**IT IS SO ORDERED** this ___ day of _____, 2025.

_____
The Honorable Christopher J. Burke
United States Magistrate Judge

5