# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | : | |
| AMICUS THERAPEUTICS US, LLC | : | |
| and AMICUS THERAPEUTICS, INC., | : | |
| | : | |
| *Plaintiffs*, | : | C.A. No. 1:22-cv-01461-CJB |
| | : | |
| v. | : | (CONSOLIDATED) |
| | : | |
| AUROBINDO PHARMA LTD. and | : | |
| AUROBINDO PHARMA USA, INC., | : | |
| | : | |
| *Defendants*. | : | |
| | : | |

**DEFENDANTS, AUROBINDO PHARMA LTD. AND
AUROBINDO PHARMA USA, INC.'S LETTER TO THE HONORABLE
<u>CHRISTOPHER J. BURKE REGARDING SUMMARY JUDGMENT</u>**

Dear Judge Burke:

We write on behalf of our clients, the Aurobindo defendants in the referenced case, to request the opportunity to file a motion seeking summary judgment of all pending claims based on Aurobindo's theory that all claims asserted against Aurobindo in this case are invalid, as directed to non-patentable subject matter, in accordance with 35 U.S.C. § 101 (requiring patented invention to be a "new and useful process, machine, manufacture, or composition of matter" or "new and useful improvement thereof").[1]  We did not understand Your Honor's Order (D.I.194) to be an invitation to argue the substance of Aurobindo's position, and we do not aim to do so here.  We provide the following details to support Aurobindo's position that entertaining a summary judgment motion on this case-dispositive issue in this case makes sense for efficiency and resource-conservation, especially given (a) the conditions Aurobindo offers below as guardrails to ensure Aurobindo's motion, should it file one, stays on-track and (b) Aurobindo's counsel's conservative record of moving for summary judgment, as well as their notable success in obtaining it in this District as well as the District of New Jersey.  *See Reckitt Benckiser LLS v. Aurobindo Pharma Ltd.*, 239 F. Supp. 3d 822 (D. Del. 2017) (Stark, D.J.) (granting summary judgment of noninfringement to Aurobindo based on *inter alia* plaintiffs' own expert's deposition testimony and no rebuttal expert opinions), represented by the founding partners of the undersigned law firm when teamed up at their previous firm) *aff'd per curiam*, 737 Fed. App'x 537 (Fed. Cir. Sept. 10, 2018); *see also Metacel Pharms. LLC v. Rubicon Rsch. Private Ltd.*, C.A. No. 21-19463(EP)(JRA), 2023 U.S. Dist. LEXIS 161630 (D.N.J. Aug. 31, 2023) (addressing and denying motion for reconsideration of order granting Rubicon, represented by the undersigned firm, summary judgment of noninfringement with no rebuttal expert opinions on behalf of Rubicon) (appeal pending).

Pursuant to the parties' good-faith efforts to narrow issues for trial, at issue are the following patent claims:

- U.S. Patent No. 11,633,388 ("'388 patent") claims 8, 36;
- U.S. Patent No. 12,042,489 ("'489 patent") claims 17, 23;
- U.S. Patent No. 12,042,490 ("'490 patent") claim 9;  and
- U.S. Patent No. 11,833,164 ("'164 patent") claims 23-27.

(*See* D.I.191 at 2 (identifying "Asserted Claims")).   Aurobindo's motion for summary judgment, if permitted, would pertain all Asserted Claims.

Aurobindo respectfully submits that the parties' dispute regarding § 101 is resolvable by the application of precedent to the plain language of the asserted claims.  As the parties previously noted, "patent eligibility under 35 U.S.C. § 101 is ultimately an issue of law."  *Berkheimer v. HP*

---

[1] Plaintiffs disagree with the content of this letter including that "the parties' dispute regarding § 101 is resolvable by the application of precedent to the plain language of the asserted claims." Although Plaintiffs do not join in Aurobindo's present request and intend to vigorously oppose any summary judgment motion Aurobindo may file, Plaintiffs do not oppose Aurobindo's request in the scheduling order for an opportunity to file a motion for summary judgment on § 101 as stated in D.I.189 at 4n.2.

*The Honorable Christopher J. Burke*
*27 January 2025*
*Page 2*

*Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018) (*see* D.I.189 at 4n.2).  Counsel for Aurobindo recognize and appreciate the Court's (and District's and perhaps the entire Federal Judiciary's) reluctance to entertain summary judgment motions in Hatch-Waxman cases given that they often (1) are resolved by bench trials and (2) concern complex factual issues supported by competing experts perhaps oftentimes of similar credibility, rendering the Court's truth-finding task extremely difficult and, thus, benefitting from in-person testimony.  Aurobindo's position is premised on the plain language of the claims, and Aurobindo commits to the Court and to Plaintiffs that, if Aurobindo determines that expert opinion testimony is warranted to rebut Plaintiffs' expert(s) on issues relevant to § 101, Aurobindo will not file a motion for summary judgment.  Aurobindo commits to supporting any motion for summary judgment solely with precedent, the intrinsic record and testimony from Plaintiffs' own witnesses.[2]

Therefore, Aurobindo respectfully requests the opportunity to file a motion for summary judgment on the issue of invalidity pursuant to 35 U.S.C. § 101 in accordance with briefing schedule previously submitted by the Parties, set forth as follows:

- Deadline to file motion: June 12, 2025;
- Response deadline: July 3, 2025; and
- Reply deadline: July 10, 2025.

We thank the Court for its consideration of this matter and would be happy to answer any questions the Court may have.

Dated: January 27, 2025                          Respectfully submitted,

*Of Counsel:*                                    **KRATZ & BARRY LLP**

Timothy H. Kratz *(Pro Hac Vice)*              */s/ R Touhey Myer*
George J. Barry III  *(Pro Hac Vice)*          R Touhey Myer (#5939)
KRATZ & BARRY, LLP                             800 N. West Street
1050 Crown Pointe Parkway, Suite 500           Wilmington, DE 19801
Atlanta, GA 30338                              (302) 527-9378
tkratz@kratzandbarry.com                       tmyer@kratzandbarry.com
gbarry@kratzandbarry.com

                                               *Attorneys for Defendants,*
Michael P. Hogan *(Pro Hac Vice)*              *Aurobindo Pharma Ltd. and*
KRATZ & BARRY LLP                              *Aurobindo Pharma USA, Inc.*
622 South 4th Street
P.O. Box 63765
Philadelphia, PA 19147
mhogan@kratzandbarry.com

---

[2] Aurobindo must prepare for trial and will retain one or more experts to rebut any expert opinions from Plaintiffs on the § 101 issue, but Aurobindo will not rely on its expert(s) for summary judgment in the event the Court permits the filing of such a motion.